IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00350-PAB-MEH

WILLIAM MOREAU,

    Plaintiff,

v.

UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion for Interim Restriction of Access to Plaintiff's Complaint. ECF 36. The motion was referred to this Court for disposition and the matter is briefed as permitted by the Court.[1] For the following reasons, the motion is granted in part and denied in part.

    Defendant asserts that Plaintiff has revealed information protected by the attorney-client privilege in the operative Complaint (ECF 4), specifically in paragraphs 60, 65-66, 68-72, 83-87, 89, 107-110, 112, 115, 124-126, 130, and 133-135. Mot. at 2, 4. Plaintiff counters that Defendant has waived its privilege by removing this case five months ago from state court (which necessarily entails the Complaint being filed on the docket) without seeking restriction of the Complaint at that time; the Complaint should not be restricted because it will be used to determine Plaintiff's substantive rights; none of the challenged portions of the Complaint are actually privileged; and, Defendant has failed to explain why no alternative to complete restriction is practicable.

---

[1] This Court provided Defendant the opportunity to file a reply brief on or before July 13, 2020, but no reply was filed.

Local Rule 7.2 governs the restriction of documents filed on the public docket and requires a movant to:

(1)  identify the document or the proceeding for which restriction is sought;

(2)  address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3)  identify a clearly defined and serious injury that would result if access is not restricted;

(4)  explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5)  identify the level of restriction sought.

D.C. Colo. LCivR 7.2(c).  In addition to subsections (1) and (5), the Court finds that Defendant has complied with the local rule, including addressing the interest to be protected (attorney-client privileged information), identifying an injury that would result (disclosure of protected information), and explaining why only "temporary" restriction (until the motion to strike is resolved) will adequately protect its interest.  Whether the information is actually protected and/or whether Defendant has waived the privilege are questions to be resolved following briefing of the pending Motion to Strike Privileged Materials Contained in Plaintiff's Complaint filed by Defendant on July 7, 2020 (ECF 34).  As for Plaintiff's contention that restriction is improper because the information will be used to determine Plaintiff's substantive rights, the Court notes that no dispositive motion or other merits-based proceeding is currently pending.

While the Court finds that temporary restriction of the purportedly protected information is proper, the Court also concludes that restricting the entire Complaint is neither reasonable nor

necessary. Accordingly, the Court will order Plaintiff to file a redacted version of the Complaint on the public docket, redacting from the pleading the paragraphs identified by Defendant as allegedly protected.

THEREFORE, no other objection having been filed (*see* D.C. Colo. LCivR 7.2(d)), Defendant's Motion for Interim Restriction of Access to Plaintiff's Complaint [filed July 7, 2020; ECF 36] is **granted in part and denied in part**. The Clerk of the Court is directed to place under Restriction Level One the Complaint at ECF 4, until further order of the Court upon resolution of the Defendant's Motion to Strike. On or before July 17, 2020, Plaintiff shall file a copy of the Complaint on the public docket, which reflects the redaction of paragraphs 60, 65-66, 68-72, 83-87, 89, 107-110, 112, 115, 124-126, 130, and 133-135.

Dated and entered at Denver, Colorado this 15th day of July, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge