IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00350-PAB-MEH

DR. WILLIAM MOREAU,

    Plaintiff,

v.

UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,

    Defendant.

## DEFENDANT'S MOTION TO RESTRICT ACCESS TO DOCUMENT 31 AND DOCUMENT 35

Defendant United States Olympic & Paralympic Committee ("Defendant" or "USOPC"), by and through its undersigned counsel and pursuant to D.C.COLO.LCivR 7.2(2), requests that Doc. 31, containing Exhibit A to Defendant's Motion to Strike Privileged Materials from Complaint, ("Doc. 31" or "Declaration"), be maintained as a Level 2 restricted document. This filing contains privileged information – a Declaration from USOPC's in-house counsel – provided to the Court in order to satisfy the USOPC's burden of establishing the privileged nature of the information Plaintiff has wrongfully taken and incorporated into his Complaint. Defendant sought to restrict access to this document through its Motion to Restrict Access filed last Friday, [Doc. 44] but inadvertently identified the wrong document number when doing so. As opposing counsel pointed out today, the Declaration is found at Doc. 31, not Doc. 35. Doc. 35, which should also be maintained as a Level 1 Restricted Document, contains the transcript from Plaintiff's deposition wherein he discusses information relevant to the privilege question before the Court but which

also contains private information concerning third parties to this lawsuit, including medical information, that should not be made publicly available.

## I. CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1.

Counsel for Defendant has conferred with counsel for Plaintiff about the relief requested in this Motion. Plaintiff's counsel takes "no position" as to Doc. 35 being maintained as a Level 1 restricted document and does **NOT** opposes Doc. 31 being maintained as a restricted document but believes that Level 1 restriction is appropriate for Doc. 31, not Level 2 "consistent with the Court's July 24 Order Doc. 48]."

## II. FACTUAL BACKGROUND

While working in a position of importance, trust, and responsibility at the USOPC, Moreau elected to secretly misappropriate USOPC property. Because his work involved regular collaboration with in house counsel, the materials in his possession – which he wrongfully took – includes hundreds of pages of privileged documents. Moreau did not take, or use, these materials to "blow the whistle" on the USOPC. Rather, he took – and is attempting to use – this information for his own personal profit. Despite the facially-evident privileged nature of the materials Moreau took – and is attempting to use in this lawsuit – Moreau's counsel has challenged the applicability of the USOPC's asserted privilege. *See, e.g.,* Doc. 38. Because Moreau and his counsel have challenged the privileged nature of these materials, the initial burden is on the USOPC to substantiate its assertion of privilege. Doc. 31 and Doc. 35 contain evidence provided for that purpose.

### III.  REQUEST FOR RELIEF

**A.  The USOPC requests that access to Documents 31 and 35 be maintained as restricted.**

Pursuant to D.C.COLO.LCivR 7.2(c)(1) the USOPC requests that access to Doc. 31 and Doc. 35 be maintained as restricted, as they contains information protected by the USOPC's attorney-client and work product privileges.  The Declaration found at Doc. 31 was provided by the USOPC's in-house legal counsel for *in camera* review in support of Defendant's Motion to Strike privileged materials from the Complaint. *See US v. Zolin,* 491 U.S. 554, 567-568 (1989) (discussing the propriety of *in camera* review of privileged materials by the Court for purposes of establishing or challenging a claim of privilege); *accord Blatchley v. Cunningham,* No. 15-cv-00460-WYD-NYW, 2016 WL 1553573 (D. Colo. April 18, 2016) (confirming that one way in which to submit materials for *in camera* review by the Court is to file them under restricted access). It discusses legal advice given to USOPC personnel relevant to the relief requested in Defendant's Motion and the work product of the USOPC that resulted in the discovery of Moreau's unlawful misappropriation and attempted use of privileged materials. Similarly, Doc. 35 contains excerpts from Moreau's deposition transcript discussing privileged materials, as well as references to private information concerning third parties which is extremely sensitive – such as their medical conditions.

**B.  Restricting access to Doc. 31 and Doc. 35 is the only way to protect the USOPC's privilege interests, which clearly outweigh the presumption of public access.**

As contemplated by D.C.COLO.LCivR 7.2(c)(2), restricting access to Doc. 31 and Doc. 35 is the only way to protect the USOPC's privilege interest, an interest which outweighs the presumption of public access. Although "there is a strong presumption of public disclosure" for

materials filed with the Court, the "exceptions to that presumption are trade secrets, privileged information and information required to be kept secret by statute." *Bait It v. McAleenan,* 410 F.Supp.3d 874, n2 (N.D. Ill. 2019) (internal citations omitted). The information provided to the Court in the Declaration filed with Defendant's Motion to Strike at Doc. 31 implicates the attorney/client privilege, "the oldest of the privileges for confidential communications known to the common law," *U.S. v. Zolin,* 491 U.S. 554, 562 (1989), as well as the work-product privilege, which is equally entitled to protection. Similarly, Doc. 35, not only contains references to materials which implicate that privilege, it also contains reference to sensitive third party information which is entitled to protection.

      **C.**      **The USOPC will be seriously injured if Doc. 31 and Doc. 35, discussing the USOPC's privileged materials, are publicly available.**

A failure to restrict access to Doc. 31 and Doc. 35, which contains information that the USOPC contends is protected by attorney-client and work product privileges, would irreparably damage those privileges, the loss of which constitutes a serious injury. *See, e.g., Mohammed v. Holder,* No. 07-cv-02697-MSK-BNB, 2014 WL 1493476, *4 (D. Colo. April 15, 2014) (suggesting that, although not properly raised in that case, "attorney-client or attorney work product privileges" are proper justifications for withholding public access to documents filed with the Court); *Alewel v. Dex One Serv.,* No. 13-2312-SAC, 2013 WL 6858504, *12-13 (D. Kan. Dec. 20, 2013) (denying a party's motion to restrict access after finding the "public's interest outweighs the parties' interest" because the parties "failed to articulate substantial interests recognized by legal authority . . . [such as asserting the] documents [are] covered by a privilege, such as the attorney-client privilege").

### D. No alternative to restriction is practicable and only restriction will adequately protect the USOPC's privilege interests.

As required under D.C.COLO.LCivR 7.2(c)(4), the USOPC attempted to identify an alternative to restricting access that would adequately protect the USOPC's privilege rights and the Court's right to address any dispute concerning that privilege. The only alternative the USOPC could identify would be to have the Court strike Doc. 31 from the record and hold an *in camera* hearing wherein the information provided in Doc. 31 would be provided to the Court in person. The USOPC defers to the Court with regard to its preferred method of receiving the information necessary for it to address the privilege question. Similarly, while the information concerning third parties could arguably be redacted from Doc. 35, the privileged materials cannot because those materials need to be reviewed by the Court. "Preliminary questions concerning . . . the existence of a privilege . . . shall be determined by the court." Fed. R. Evid. 104(a). In order to permit the Court to make such determinations, privileged information must be provided to the Court. While it is appropriate for the Court to review this information, it is not appropriate for it to be publicly available, or for it to be made available to the other side – who has no right to such information.

Defendant has narrowly tailored its request to restrict access and seeks only to limit access to exhibits which contain information subject to the USOPC's privileges, as disclosure of that information is reasonably likely to affect those privileges. The Motion to Strike is a publicly available filing. [Doc. 34].

### E. Level 2 Restriction is Requested for Doc. 31 and Level 1 Restriction is Requested for Doc. 35.

Pursuant to D.C.COLO.LCivR 7.2(b) and (c)(5), Level 2 restriction, limiting access to the filing party and the Court, is requested doe Doc. 31, as opposing counsel does not have a right to

5

52047518.1

review or use the USOPC's privileged materials. However, Doc. 35 contains Plaintiff's deposition transcript, which has already been provided to his counsel, so Level 1 restriction is appropriate there.

WHEREFORE, the USOPC respectfully requests that Doc. 31 be kept as a Level 2 restricted document and that the Court reaffirm its order of today's date, as to avoid any confusion, that Doc. 35 should be kept as a Level 1 restricted document. Undersigned apologizes for any confusion created by this inadvertent error.

Respectfully submitted July 24, 2020.

By: *s/ Beth Ann Lennon*
Beth Ann Lennon
Raymond M. Deeny
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202-3622
Phone: 303.297.2900
Fax: 303.298.0940
blennon@shermanhoward.com
rdeeny@shermanhoward.com

*Attorneys for the USOPC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon the following:

Darold W. Killmer, Esq.
Michael Fairhurst, Esq.
1543 Champa Street, Suite 400
Denver, CO 80202
Email: dkillmer@KLN-Law.com
Email: mfairhurst@KLN-Law.com

*s/ Mary Navrides*
Mary Navrides, Practice Assistant

52047518.1