IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00350-PAB-MEH

DR. WILLIAM MOREAU,

      Plaintiff,

v.

UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,

      Defendant.

---

**DEFENDANT'S MOTION TO RESTRICT ACCESS TO DOCUMENT 69**

---

In an abundance of caution and an effort to continue to mitigate the harm to the USOPC's privilege rights occasioned by Plaintiff's counsel's conduct in this litigation, Defendant United States Olympic & Paralympic Committee ("Defendant" or "USOPC"), by and through its undersigned counsel and pursuant to D.C.COLO.LCivR 7.2(2), requests that Doc. 69, containing Defendant's Reply in support of its Motion to Disqualify Killmer, Lane & Newman, LLP, ("Doc. 69" or "Reply"), be maintained as a Level 1 restricted document. Doc. 69 necessarily discusses information relevant to the disqualification question before the Court and, in so doing, has the potential to implicate the USOPC's privilege rights if made publicly available.

## I.  CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1.

Counsel for Defendant has conferred with counsel for Plaintiff about the relief requested in this Motion. Plaintiff's counsel has indicated that they oppose the relief requested herein.

## II.  FACTUAL BACKGROUND

While working in a position of importance, trust, and responsibility at the USOPC, Moreau

elected to secretly misappropriate USOPC property. Because his work involved regular collaboration with in-house counsel, the materials in his possession – which he wrongfully took – includes hundreds of pages of privileged documents. Moreau then provided those materials to his counsel at Killmer, Lane & Newman, LLP. Despite the facially-evident privileged nature of the materials Moreau took – and is attempting to use in this lawsuit – Moreau's counsel has challenged the applicability of the USOPC's asserted privilege. *See, e.g.,* Doc. 61. Because Moreau and his counsel have challenged the privileged nature of these materials, the initial burden is on the USOPC to substantiate its assertion of privilege. Doc. 69 contains information provided for that purpose, including information concerning the substance and purpose of Moreau's conversations with in-house counsel reflected in the materials he took from the USOPC.

### III.  REQUEST FOR RELIEF

**A.     The USOPC requests that access to Document 69 be maintained as restricted.**

Pursuant to D.C.COLO.LCivR 7.2(c)(1) the USOPC requests that access to Doc. 69 be maintained as restricted, as it contains information which implicates the USOPC's attorney-client privilege. This information is being provided for *in camera* review to address arguments made by Plaintiff's counsel concerning the privileged nature (or lack thereof) of the materials they reviewed and seek to rely on in this case. *See US v. Zolin,* 491 U.S. 554, 567-68 (1989) (discussing the propriety of *in camera* review of privileged materials by the Court for purposes of establishing or challenging a claim of privilege); *accord Blatchley v. Cunningham,* No. 15-cv-00460-WYD-NYW, 2016 WL 1553573 (D. Colo. April 18, 2016) (confirming that one way in which to submit materials for *in camera* review by the Court is to file them under restricted access).

Active/52291118.1

**B.      Restricting access to Doc. 69 may be the only way to protect the USOPC's privilege interests, which clearly outweigh the presumption of public access.**

As contemplated by D.C.COLO.LCivR 7.2(c)(2), restricting access to Doc. 69 may be the only way to protect the USOPC's privilege interest, an interest which outweighs the presumption of public access. Although "there is a strong presumption of public disclosure" for materials filed with the Court, the "exceptions to that presumption are trade secrets, privileged information and information required to be kept secret by statute." *Bait It v. McAleenan,* 410 F.Supp.3d 874, n2 (N.D. Ill. 2019) (internal citations omitted). The information provided to the Court in Doc. 69 implicates the attorney/client privilege, "the oldest of the privileges for confidential communications known to the common law" *U.S. v. Zolin,* 491 U.S. 554, 562 (1989).

**C.      The USOPC may be seriously injured if Doc. 69, discussing the USOPC's privileged materials, is publicly available.**

A failure to restrict access to Doc. 69, which discusses information that the USOPC contends is protected by attorney-client privilege, may irreparably damage those privileges, the loss of which constitutes a serious injury. *See, e.g., Mohammed v. Holder,* No. 07-cv-02697-MSK-BNB, 2014 WL 1493476, *4 (D. Colo. April 15, 2014) (suggesting that, although not properly raised in that case, "attorney-client or attorney work product privileges" are proper justifications for withholding public access to documents filed with the Court); *Alewel v. Dex One Serv.,* No. 13-2312-SAC, 2013 WL 6858504, *12-13 (D. Kan. Dec. 20, 2013) (explaining that the attorney-client privilege" is a "substantial interest[] recognized by legal authority" justifying restricting access to court filings).

"Preliminary questions concerning . . . the existence of a privilege . . . shall be determined by the court." Fed. R. Evid. 104(a).  In order to permit the Court to make such determinations, privileged information must be provided to the Court.  While it is appropriate for the Court to

review this information, it is not appropriate for it to be publicly available, or for it to be made available to the other side – who has no right to such information.

**D.      No alternative to restriction is practicable and only restriction will adequately protect the USOPC's privilege interests.**

As required under D.C.COLO.LCivR 7.2(c)(4), the USOPC attempted to identify an alternative to restricting access that would adequately protect the USOPC's privilege rights and the Court's right to address any dispute concerning that privilege.  The only alternative the USOPC could identify would be to have the Court strike Doc. 69 from the record and hold an *in camera* hearing wherein the information provided in Doc. 69 would be provided to the Court in person. The USOPC defers to the Court with regard to its preferred method of receiving the information necessary for it to address the privilege question.

Defendant has narrowly tailored its request to restrict access and seeks only to limit access to the filing which contains information the USOPC has a good faith belief that disclosure of which is reasonably likely to affect the USOPC's privileges. The accompanying exhibit containing the expert opinion concerning the ethical rules implicated by Plaintiff's counsel's conduct, which does not implicate this same concern, is a publicly available filing.  [Doc. 70].

**E.      Level 1 Restriction is Requested for Doc. 69.**

Pursuant to D.C.COLO.LCivR 7.2(b) and (c)(5), Level 1 restriction, limiting access to the parties and the Court, is requested for Doc. 69.  While opposing counsel does not have a right to review or use the USOPC's privileged materials, the materials and information referenced in Doc. 69 have already been reviewed, extensively, by Plaintiff's counsel after Moreau provided it to them back in 2019.  Thus, Level 1 restriction preserves what remains to be preserved of the USOPC's privilege rights.

WHEREFORE, the USOPC respectfully requests that Doc. 69 be kept as a Level 1 restricted document.

Respectfully submitted September 24, 2020.

By: *s/ Beth Ann Lennon*
  Beth Ann Lennon
  Raymond M. Deeny
  James S. Korte
  Sherman & Howard L.L.C.
  633 Seventeenth Street, Suite 3000
  Denver, Colorado  80202-3622
  Phone: 303.297.2900
  Fax: 303.298.0940
  blennon@shermanhoward.com
  rdeeny@shermanhoward.com
  jkorte@shermanhoward.com

  *Attorneys for the USOPC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon the following:

Darold W. Killmer, Esq.
Michael Fairhurst, Esq.
Thomas B. Kelley, Esq.
1543 Champa Street, Suite 400
Denver, CO  80202
Email: dkillmer@kln-law.com
Email: mfairhurst@kln-law.com
Email: tkelley@kln-law.com

  *s/ Barbara McCall*
  Barbara McCall, Practice Assistant

Active/52291118.1