IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00350-PAB-MEH

DR. WILLIAM MOREAU,

    Plaintiff,

v.

UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,

    Defendant.

## DEFENDANT'S MOTION TO RESTRICT ACCESS TO DOCUMENTS 93 & 94

Defendant United States Olympic & Paralympic Committee ("Defendant" or "USOPC"), by and through its undersigned counsel, requests that Doc. 93, including each attachment filed therewith at Doc. 93-1 through Doc. 93-36, and Doc. 94, Doc. 94-1, Doc. 94-2, and Doc. 94-3, be maintained as restricted documents. Doc. 93 contains the privilege analysis the Court instructed the USOPC to file, as a restricted document, so it could be provided to the Special Master. *See* Doc. 88. Thus, Doc. 93 necessarily discusses the content of the misappropriated privileged materials in Plaintiff's possession that have been produced by him in discovery in this lawsuit. As instructed by the Court, included with that analysis are the privileged documents themselves, Doc. 93-1 through 93-6. Also necessarily provided to the Court and the Special Master are several documents, found at Doc. 94, Doc. 94-1, Doc. 94-2, and Doc. 94-3, which contain the privileged communications from which Plaintiff Moreau took certain of the privileged documents he is attempting to use in this litigation but which have not been produced by Plaintiff Moreau in discovery to-date. As this Court has indicated in its instructions to the parties, these filings must

be maintained as restricted. Doc. 88. Thus, in accordance with D.C.COLO.LCivR 7.2(2), the present Motion to Restrict Access is being filed.

## I. CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1.

Counsel for Defendant has conferred with counsel for Plaintiff about the relief requested in this Motion. Plaintiff's counsel indicated that they generally oppose all restrictions in this case, but acknowledge that the Court's Order (Doc. 88) provided for restriction of the documents until the issue of privilege is resolved. Because of the Court's underlying Order, Plaintiff does not oppose the Motion to the extent it follows the Court's Order in this regard.

## II. FACTUAL BACKGROUND

While working in a position of importance, trust, and responsibility at the USOPC, Moreau elected to secretly misappropriate USOPC property. Because his work involved regular collaboration with in-house counsel, the materials in Moreau's possession – which he wrongfully took – includes hundreds of pages of privileged documents. Moreau then provided those materials to his counsel at Killmer, Lane & Newman, LLP. Despite the facially-evident privileged nature of the materials Moreau took – and is attempting to use in this lawsuit – Moreau's counsel has challenged the applicability of the USOPC's asserted privilege. *See, e.g.,* Doc. 61. Because Moreau and his counsel have challenged the privileged nature of these materials, on October 7, 2020, the Court Ordered that the documents the USOPC has asserted are privileged should be reviewed by a Special Master. Doc. 88. Specifically, the Court Ordered that the USOPC provide a comprehensive analysis of the basis for its assertion of privilege, as well as each privileged document itself, as a restricted filing with the Court, so that those materials could be provided to and reviewed by the Special Master. *Id.*

Doc. 93, and the attachments to that filing found at Doc. 93-1 through Doc. 93-36, are those materials. Also in accordance with the Court's instructions, privileged documents which have not been produced by Plaintiff in discovery but which are relevant to the privilege question at issue here, were provided for *in camera* review by the Court and the Special Master at Doc. 94, Doc. 94-1, Doc. 94-2, and Doc. 94-3.

### III.  REQUEST FOR RELIEF

**A.    The USOPC requests that access to Documents 93 and 94 be maintained as restricted.**

Pursuant to D.C.COLO.LCivR 7.2(c)(1) the USOPC requests that access to Docs. 93 and 94, and each document filed there with, be maintained as restricted, as they contain information which implicate the USOPC's attorney-client privilege. This information is being provided for *in camera* review by the Special Master and the Court to address arguments made by Plaintiff's counsel concerning the privileged nature (or lack thereof) of the materials they reviewed and seek to rely on in this case. *See US v. Zolin,* 491 U.S. 554, 567-68 (1989) (discussing the propriety of *in camera* review of privileged materials by the Court for purposes of establishing or challenging a claim of privilege); *accord Blatchley v. Cunningham,* No. 15-cv-00460-WYD-NYW, 2016 WL 1553573 (D. Colo. April 18, 2016) (confirming that one way in which to submit materials for *in camera* review by the Court is to file them under restricted access).

**B.    Restricting access to Doc. 93 & Doc. 94 is the only way to protect the USOPC's privilege interests, which clearly outweigh the presumption of public access.**

As contemplated by D.C.COLO.LCivR 7.2(c)(2), restricting access to Doc. 93 through Doc. 94-3 is the only way to protect the USOPC's privilege interest, an interest which outweighs the presumption of public access. Although "there is a strong presumption of public disclosure"

3

for materials filed with the Court, the "exceptions to that presumption are trade secrets, privileged information and information required to be kept secret by statute."  *Bait It v. McAleenan,* 410 F.Supp.3d 874, n2 (N.D. Ill. 2019) (internal citations omitted). The information provided to the Court in Doc. 93 through Doc. 94-3 implicates the attorney/client privilege, "the oldest of the privileges for confidential communications known to the common law" *U.S. v. Zolin,* 491 U.S. 554, 562 (1989).

### C. The USOPC will be seriously injured if Doc. 93 or Doc. 94, discussing and/or containing the USOPC's privileged materials, are publicly available.

A failure to restrict access to Doc. 93, or any of the privileged documents filed therewith (Doc. 93-1 through Doc. 93-36, as well as Doc. 94, Doc. 94-1, Doc. 94-2, and Doc. 94-3), which discusses information that the USOPC contends is protected by attorney-client privilege, would irreparably damage those privileges, the loss of which constitutes a serious injury.  *See, e.g., Mohammed v. Holder,* No. 07-cv-02697-MSK-BNB, 2014 WL 1493476, *4 (D. Colo. April 15, 2014) (suggesting that, although not properly raised in that case, "attorney-client or attorney work product privileges" are proper justifications for withholding public access to documents filed with the Court); *Alewel v. Dex One Serv.,* No. 13-2312-SAC, 2013 WL 6858504, *12-13 (D. Kan. Dec. 20, 2013)(explaining that the attorney-client privilege" is a "substantial interest[] recognized by legal authority" justifying restricting access to court filings).

"Preliminary questions concerning . . . the existence of a privilege . . . shall be determined by the court."  Fed. R. Evid. 104(a).  In order to permit the Court to make such determinations, privileged information must be provided to the Court and the Special Master appointed by the Court to assist it in this review.  While it is appropriate for the Court and the Special Master to

4

review this information, it is not appropriate for it to be publicly available, or for it to be made available to the other side – who has no right to such information.

### D. Only restriction will adequately protect the USOPC's privilege interests.

The Court has already determined, as contemplated under D.C.COLO.LCivR 7.2(c)(4), that having the USOPC file the documents found at Doc. 93 through Doc. 94-3 is its preferred method of receiving the information necessary to address the privilege question before it. *See* Doc. 88. In accordance with the Court's October 7, 2020, Order, no alternative to restriction is practicable and only restriction will adequately protect the USOPC's privilege rights pending resolution of the present dispute by the Court. *Id.*

### E. Level 1 Restriction is Requested for Doc. 93 and Level 2 Restriction is Requested for Doc. 94.

Pursuant to D.C.COLO.LCivR 7.2(b) and (c)(5), Level 1 restriction, limiting access to the parties and the Court, is requested for Doc. 93, as well as Doc. 93-1 through Doc. 93-36.  While opposing counsel does not have a right to review or use the USOPC's privileged materials, the materials and information referenced in Doc. 93 and Doc. 93-1 through 93-36 have already been reviewed, extensively, by Plaintiff's counsel after Moreau provided it to them back in 2019.  Thus, Level 1 restriction preserves what remains to be preserved of the USOPC's privilege rights. However, the documents found at Doc. 94, Doc. 94-1, Doc. 94-2, and Doc. 94-3 are each privileged documents that *have not* been produced by Plaintiff Moreau in discovery and, rather, are being provided to the Court and the Special Master by the USOPC in accordance with the Court's instructions to provide any information that may assist them in reviewing the privilege question presently pending before them.  Each of these documents have been identified on a privilege log

5

previously produced to Plaintiff. Level 2 restriction, limiting access to the parties and the Court, is requested for these documents.

WHEREFORE, the USOPC respectfully requests that Doc. 93, as well as Doc. 93-1 through 93-36, be kept as Level 1 restricted documents and Doc. 94 through Doc. 94-3 be kept as Level 2 restricted documents.

Respectfully submitted October 29, 2020.

By: *s/ Beth Ann Lennon*
Beth Ann Lennon
Raymond M. Deeny
James S. Korte
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202-3622
Phone: 303.297.2900
Fax: 303.298.0940
blennon@shermanhoward.com
rdeeny@shermanhoward.com
jkorte@shermanhoward.com

*Attorneys for the USOPC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon the following:

Darold W. Killmer, Esq.
Michael Fairhurst, Esq.
Thomas B. Kelley, Esq.
1543 Champa Street, Suite 400
Denver, CO  80202
Email: dkillmer@kln-law.com
Email: mfairhurst@kln-law.com
Email: tkelley@kln-law.com

*s/ Barbara McCall*
Barbara McCall, Practice Assistant