IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-00350-CNS-MEH

DR. WILLIAM MOREAU,

    Plaintiff,

v.

UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Rule 72 Objections to the May 12, 2022, Order (ECF No. 272). In the May 12, 2022, Order (ECF No. 270), Magistrate Judge Hegarty granted Plaintiff's Motion to Amend Complaint to Assert Exemplary Damages Remedy under State Law (ECF No. 252). As set forth below, the Court AFFIRMS and ADOPTS the Recommendation.

### I. BACKGROUND

After reviewing the Motion to Amend the Complaint and Defendant's Responses thereto, Magistrate Judge Hegarty concluded that Plaintiff met the legal standard to amend the Complaint to add a remedy of exemplary damages and further found that Plaintiff had presented evidence to demonstrate that Defendant's conduct was attended by circumstances of fraud, malice, or willful and wanton conduct. (ECF 270, p. 5). As such, Magistrate Judge Hegarty recommended that the Motion to Amend be granted. Defendant timely filed its objection to the Magistrate Judge's Order (ECF 272).

## II.  STANDARD OF REVIEW

A motion to amend to add a remedy is a non-dispositive motion. A magistrate judge's recommendation on such an order will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, the Recommendation will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III.  ANALYSIS

Defendant objects to Magistrate Judge Hegarty's Recommendation on the basis that it is contrary to law and a misapplication of the relevant legal standard. This Court rejects both arguments.

Magistrate Judge Hegarty cited, and correctly applied, the relevant legal standard. He first correctly noted that motions to amend are freely granted when justice requires. He then found that standard satisfied, as Colorado state law precludes a plaintiff from including a claim for exemplary damages in the original complaint. Colo. Rev. Stat. § 13-21-102(1). He then found that Plaintiff had established a reasonable likelihood that the issue of exemplary damages would be submitted to the jury. (ECF No. 270, p. 5). It was, therefore, his recommendation to allow the amendment (although noting that Plaintiff would only be allowed to include changes that concern exemplary damages).

Upon review of Plaintiff's Motion to Amend, Defendant's Response thereto, and the briefing on Defendant's Objection to the Recommendation, this Court concludes that Magistrate Judge Hegarty's Order was not clearly erroneous.  Moreover, while Magistrate Judge Hegarty recommended allowing the amendment, even though he found that Plaintiff's claim for exemplary

damages was not strong "on the continuum of such claims" (ECF No. 270, p.5), this Court concludes that Plaintiff has submitted substantial evidence in support of its motion to add a claim for exemplary damages.

While unnecessary to detail such evidence, Plaintiff has presented evidence that he repeatedly brought issues of potential legal wrongdoing and matters of public concern to the attention of numerous agents and officials of Defendant and that his concerns were ignored. (ECF No. 252, pp. 6-18). This protected activity continued for over a year. The potential wrongdoing largely concerned the mental and physical well-being of athletes. He presented evidence that he was known by, and referred to by, his employer as a person who "blew the whistle" and forced Defendant to act. (*Id.*). The decision to terminate was made in close temporal proximity to Plaintiff's complaints and a reasonable jury could conclude that the decision to terminate Plaintiff was attended by "circumstances of malice" or was willful and wanton.[1]

## ORDER

The Defendant's Rule 72 Objections to the May 12, 2022 Order at ECF No. 272 are overruled. Plaintiff shall file the Amended Complaint within seven (7) days from the date of this Order.

DATED this 19th day of August 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[1] Defendant's argument that Colorado's doctrine of at-will employment is somehow relevant to the determination of whether granting the motion to amend was appropriate is unavailing. First, Defendant never made such an argument to Magistrate Judge Hegarty. Second, the argument is misplaced. As discussed above, Plaintiff's wrongful discharge in violation of public policy claim is an exception to the at-will doctrine. This Court does not agree that the at-will doctrine precludes a finding that Plaintiff has demonstrated a reasonable likelihood that the issue of exemplary damages will be submitted to the jury.