IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-00350-CNS-MEH

DR. WILLIAM MOREAU,

    Plaintiff,

v.

UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,

    Defendant.

---

ORDER

---

Before the Court is Defendant United States Olympic & Paralympic Committee's ("USOPC's") Objection (ECF No. 205) to the Magistrate Judge's Order granting Dr. William Moreau's Motion Requesting Order to Hold USOPC Has Waived Its Privilege (ECF No. 196). For the reasons set forth below, USOPC's Objection is OVERRULED. The Magistrate Judge's Order granting Dr. Moreau's Motion is AFFIRMED.

### I. Background

Prior to filing this lawsuit, Dr. Moreau obtained allegedly attorney-client privileged documents from USOPC (ECF No. 196 at 1). In October 2020, the Magistrate Judge appointed a Special Master to review allegedly privileged documents and recommend to the Magistrate Judge which, if any, were privileged (ECF No. 87). Pursuant to the Magistrate Judge's appointment, the Special Master reviewed *in camera* the allegedly privileged documents and recommended in

1

February 2021 that the Magistrate Judge find certain documents were attorney-client privileged, and that USOPC had impliedly waived that privilege as to certain documents by putting them at issue (ECF No. 128 at 81-84). USOPC objected to the Special Master's Recommendation; the Magistrate Judge granted USOPC's objections in part (ECF No. 152). In April 2021, Dr. Moreau filed his Motion Requesting Order to Hold USOPC Has Waived Its Privilege (ECF No. 196). The Magistrate Judge granted Dr. Moreau's Motion in June 2021 (ECF No. 196). USOPC timely filed its Objection to the Magistrate Judge's Order (ECF No. 205), and Dr. Moreau timely responded to USOPC's Objection (ECF No. 210).

## II.   Standard of Review

A motion concerning the applicability of privileges is a non-dispositive motion. A magistrate judge's order on such a motion will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, the magistrate judge's order will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III.   Analysis

The Court has reviewed the First Amended Complaint, USOPC's Amended Answer, the relevant documents, the Special Master's Recommendation, the parties' briefs regarding Dr. Moreau's Motion Requesting Order to Hold USOPC Has Waived Its Privilege, the parties' briefs regarding USOPC's Objection to the Magistrate Judge's Order, the Magistrate Judge's Order, and relevant legal authority. The Court addresses the arguments in USOPC's Objection, overruling its Objection and affirming the Magistrate Judge's Order.

### A. Application of the "At Issue" Doctrine

USOPC argues the Magistrate Judge erred in concluding that the "at issue" doctrine applied and waived the privilege attached to seven documents (ECF No. 205 at 5). According to USOPC, the Magistrate Judge erred because three defenses—the seventh, eleventh, and sixteenth—asserted in its Amended Answer did not put those seven documents at issue, and therefore USOPC has not waived the privilege attached to those documents (*Id*. at 5, 10). The Court disagrees.

To establish the "at issue" waiver applies, a party must show: (1) assertion of the privilege was the result of an affirmative act, such as the filing suit or assertion of a defense, by the party claiming the privilege; (2) the party claiming the privilege put the protected information at issue through their affirmative act; and (3) application of the privilege would deny the opposing party access to information vital to their position. *See, e.g., Mountain States Tel. & Tel. Co. v. DiFede*, 780 P.2d 533, 544-45 (Colo. 1989) (en banc).[1]

First, USOPC has engaged in an affirmative act. USOPC asserted several defenses in its Amended Answer (*See* ECF No. 66). Specific to the Magistrate Judge's analysis were USOPC's seventh, eleventh, and sixteenth defenses (ECF No. 196 at 2-3). Assertion of these defenses constitutes an affirmative act for determining whether the "at issue" waiver applies. *See, e.g.*, *State Farm Fire & Cas. Co. v. Griggs*, 419 P.3d 572, 575 (Colo. 2018).

Second, after reviewing the privileged documents, USOPC has put the documents at issue by asserting the defenses in its Amended Answer. In its seventh defense, USOPC asserts Dr. Moreau's claims are barred because he did not engage in protected activity and failed to put his

---

[1] The Court agrees with USOPC that Colorado law applies to its privilege analysis (ECF No. 205 at 6).

USOPC on notice that he was engaging in any allegedly protected conduct (ECF No. 66 at 41). In its eleventh defense, USOPC asserts it has at all times made good faith efforts to comply with the law (*Id.*) And in its sixteenth defense, USOPC maintains that to the extent Dr. Moreau raised any concerns about athlete safety, those concerns were taken seriously and acted upon (*Id.* at 42). By placing at issue a privileged document going directly to a claim or defense, *see DiFede*, 780 P.2d at 543, or where the defense depends on the privileged document, *see State Farm*, 419 P.3d at 575, a party impliedly waives the attorney-client privilege with respect to that document. Contrary to USOPC's argument that its defenses have not put the privileged documents at issue (*see* ECF. No. 205 at 12-14), the Magistrate Judge correctly observed adjudication of these defenses depends on the privileged documents (ECF No. 196 at 3). *Cf. DiFede*, 780 P.2d at 544 (concluding it would be unfair for a party to assert a "lack of knowledge" of the law by claiming fraudulent inducement "while simultaneously retaining the attorney-client privilege"). Therefore, after reviewing the privileged documents identified in Dr. Moreau's Motion and the Magistrate Judge's Order, the Court concludes USOPC's assertion of these defenses has placed the documents at issue.

Third, the privileged documents are vital to Dr. Moreau's position. The Magistrate Judge summarized allegations from the First Amended Complaint in his Order (ECF No. 196 at 2). These allegations concern Dr. Moreau's communications with USOPC, which include the privileged documents. Accordingly, the Magistrate Judge properly determined this element was satisfied (*See id.* at 3). *Cf. DiFede*, 780 P.2d at 544 (concluding factors of the "at issue" waiver were satisfied where it would be "unfair" for a party to retain privilege and "frustrate attempts" by opposing party to prove her knowledge of the state of law through use of privileged communications).

Accordingly, the Magistrate Judge did not clearly err in concluding that the privileged documents were subject to implied waiver (ECF No. 196 at 4). For this reason, the Court need not address USOPC's argument that the Magistrate Judge erred in concluding Dr. Moreau's own claims put the documents at issue (ECF No. 205 at 14-15), or Dr. Moreau's argument that USOPC delayed in asserting its privilege (ECF No. 163 at 11).

Finally, in his Motion Requesting Order to Hold USOPC Has Waived Its Privilege and Response to USOPC's Objection, Dr. Moreau argues USOPC waived its privilege based on its counterclaims as well as its defenses (ECF Nos. 163 at 3, 210 at 3). Dr. Moreau further argues in his Response to USOPC's Objection that it is "imperative" he have access to Attachment 35 to rebut USOPC's counterclaims (ECF No. 210 at 7). The Magistrate Judge did not specifically address these arguments in his Order. Nonetheless, for substantially the same reasons the Court concludes USOPC's assertion of it three defenses put the privileged documents at issue, the Court concludes that assertion of its counterclaims against Dr. Moreau has put Attachment 35 at issue. USOPC asserts counterclaims against Dr. Moreau based on his misappropriation of its confidential property (*See* ECF No. 66 at 60-65). USOPC's assertion of counterclaims against Dr. Moreau is an affirmative act. *See, e.g., DiFede*, 780 P.2d at 544-45. After reviewing Attachment 35, assertion of USOPC's counterclaims depend on the document. *See State Farm*, 419 P.3d at 575. And the document is vital to Dr. Moreau's ability to defend against USOPC's counterclaims. *See DiFede*, 780 P.2d at 544. As such, the at issue waiver applies to Attachment 35.

## IV.     Conclusion

For the reasons set forth above, USOPC's Objection is OVERRULED, and the Magistrate Judge's Order (ECF No. 196) is AFFIRMED. Attachments 6, 16, 28, 29, 31, 35, and 39 to ECF No. 93 are subject to implied waver.

DATED this 22nd day of September 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge