IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-00350-CNS-MEH

DR. WILLIAM MOREAU,

    Plaintiff,

v.

UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,

    Defendant.

---

ORDER

---

Before the Court is Defendant United States Olympic & Paralympic Committee's ("USOPC's") Objection (ECF No. 159) to the Magistrate Judge's April 12, 2021 Order regarding the application of the attorney-client privilege to certain documents (*See* ECF No. 152). For the reasons set forth below, USOPC's Objection is OVERRULED. The Magistrate Judge's Order is AFFIRMED.

**I. BACKGROUND**

The relevant background is set forth in the Court's September 22, 2022 Order (ECF No. 293). After the Magistrate Judge issued his Order granting in part and denying in part USOPC's Objection to the Special Master's Recommendation (ECF No. 152), USOPC timely filed its Objection to the Magistrate Judge's Order (ECF No. 159). Dr. Moreau timely filed his Response (ECF No. 174).

1

## II. STANDARD OF REVIEW

A motion concerning the applicability of privileges is a non-dispositive motion. A magistrate judge's order on such a motion will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, the magistrate judge's order will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III. ANALYSIS

The Court has reviewed the Special Master's Recommendation, the Magistrate Judge's Order, USOPC's Objection to the Magistrate Judge's Order, Dr. Moreau's Response, and relevant legal authority. The Court addresses the arguments in USOPC's Objection, overruling its Objection and affirming the Magistrate Judge's Order.

### A. Corporate Employment and Privilege

USOPC argues that the Magistrate Judge erred in concluding Attachments 2, 4-5, 9-13, and 15-20 were not privileged because an employee's conversations with in-house counsel regarding corporate matters are privileged if the conversations concern the employee's corporate duties (*See* ECF No. 159 at 5, 7). The Magistrate Judge erred, USOPC contends, because these documents concerned matters Dr. Moreau was required to address as part of his corporate duties, and therefore they are privileged (*See id* at 7). The gravamen of Dr. Moreau's argument is that not all communications between an employee and in-house counsel are privileged, even if the employee is acting as a corporation's agent when interaction with in-house counsel (ECF No. 174

at 9-10). Moreover, Dr. Moreau argues, he was not seeking legal advice in his communications, and for this reason they are not privileged (*Id.* at 12.) The Court agrees with Dr. Moreau.

The attorney-client privilege extends only to communications made by or to the client in the course of "gaining counsel, advice, or direction with respect to the client's rights or obligations." *Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2000) (citation omitted).[1] A "mere showing" that the communication was from the client to an attorney "does not suffice" to show that the attorney-client privilege applies. *Id.* (quotation omitted); *see also Pownell v. Credo Petroleum Corp.*, No. 09-CV-01540-WYD-KLM, 2011 WL 1045418, at *2 (D. Colo. Mar. 17, 2011) (concluding a communication is privileged when it was made for the "express purpose of securing legal . . . advice" (quotation omitted)). In the corporate setting, the privilege applies to corporate employees acting within the scope of their corporate duties, *see Ryskamp ex rel. Boulder Growth & Income Fund v. Looney*, No. 10-CV-00842-WJM-KLM, 2011 WL 3861437, at *4 (D. Colo. Sept. 1, 2011).

After reviewing Attachments 2, 4-5, 9-10, 12-13, 15, 17, and 19-20, the Court concludes that Dr. Moreau was not seeking or providing any legal advice or counsel in these Attachments. Therefore, these Attachments are not privileged. *See, e.g.*, *Pownell*, 2011 WL 1045418, at *2. Further, the Court concludes that the Magistrate Judge correctly determined that Attachments 11 and 18 are partially privileged, consistent with the Special Master's Recommendation. The Court need not address the Magistrate Judge's conclusion regarding Attachment 16 because in a separate

---

[1] The Court agrees with the parties that Colorado law applies in its privilege analysis (*See* ECF Nos. 159 at 5, 174 at 6 n.5).

3

Order, the Court concluded USOPC waived any privilege attached to this Attachment (*See* ECF No. 293).

### B. Factual Materials & Legal Counsel

USOPC argues the Magistrate Judge erred in concluding Attachments 3, 7, 13-15, and 39 were not privileged because information from these otherwise privileged Attachments may not be "extracted" by Dr. Moreau (ECF No. 159 at 10). At bottom, Dr. Moreau argues the Magistrate Judge did not err because factual matter communicated between him and counsel is not privileged (*See* ECF No. 174 at 12). The Court agrees with Dr. Moreau.

The attorney-client privilege does not protect the underlying "factual information" contained within communications between clients and attorneys. *Iowa Pac. Holdings, LLC v. Nat'l R.R. Passenger Corp.*, No. 09-CV-02977-REB-KLM, 2011 WL 1527599, at *2–3 (D. Colo. Apr. 21, 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981)). For this reason, a document may be only partially privileged if some of its content is based on unprivileged "factual information." *See, e.g.*, *Marianist Province of the U.S., Inc. v. Century Indem. Co.*, No. 08-CV-01760-WYD-MEH, 2010 WL 3604388, at *3 (D. Colo. Sept. 7, 2010); *see also Gordon*, 9 P.3d at 1124 (concluding unprivileged facts cannot become privileged "merely by incorporation" into a communication with counsel).

The Court has reviewed Attachments 3, 7, and 13-15. Although USOPC fashions its arguments regarding Attachments 3, 7, 13-15, and 39 as concerning the "legal question" of "extract[ing]" unprivileged excerpts from the Attachments (ECF No. 159 at 10), basic principles of the attorney-client privilege dispense with USOPC's arguments. Because underlying factual information is not privileged, and the attorney-client privilege only attaches to communications

4

where legal advice is sought or given, the Magistrate Judge did not err in concluding Attachment 3 was partially privileged (ECF No. 152 at 5-6). Regarding Attachment 7, the Court agrees with the Magistrate Judge that it is not privileged (*Id.* at 2). Bearing in mind the legal principles governing the attorney-client privilege, *see, e.g.*, *Gordon*, 9 P.3d at 1123-24, the Magistrate Judge correctly concluded Attachments 13 through 15 were not privileged. Attachments 13 and 15 do not concern legal advice. And Attachment 14 provides a general overview of relevant guidelines that betrays no client confidences. More specificity is required to bring Attachment 14 within the privilege's ambit. *See D.A.S. v. People*, 863 P.2d 291, 295 (Colo. 1993) ("A mere showing that the communication was from client to attorney does not suffice, but the circumstances indicating the intention of secrecy must appear." (quotation omitted)).

Finally, the Court need not address USOPC's argument regarding Attachment 39 because any privilege attached to Attachment 39 has been waived (*See* ECF No. 293).

### C. Corporate Management & Privilege

USOPC argues that certain Attachments are privileged because their subject matters trigger the attorney-client privilege (*See* ECF No. 159 at 12). Dr. Moreau maintains these Attachments are not privileged because the communications did not concern or discuss legal advice or privileged factual information (*See* ECF No. 159 at 12). The Court agrees with Dr. Moreau. In its analysis of this argument, the Court addresses only the Attachments it has not previously addressed in USOPC's Objection: Attachments 10, 21, 24-27, 34, and 36-37.

Attachment 10 is not privileged. It does not involve confidential communications seeking legal advice. *See, e.g.*, *Pownell v. Credo Petroleum Corp.*, 2011 WL 1045418, at *2. The Magistrate Judge made the same ruling on Attachment 21 as Attachments 32 and 33 and observed

5

USOPC's "implied argument" in his analysis of Attachments 32 and 33 that "this process has involved, at times, pulling a single weed out of a field of flowers, and we just leave the field as it is" (ECF No. 152 at 7). The Court sees no reason to draw metaphors from "implied arguments" in its privilege analysis. Applying the basic principles of attorney-client privilege, Attachments 21, 24 and 25 are partially privileged, consistent with the Magistrate Judge's apparent agreement with the Special Master's Recommendation.

Attachments 26, 27, and 34 are not privileged. *See, e.g.*, *Pownell*, 2011 WL 1045418, at *2. The Magistrate Judge noted only one e-mail of many in Attachment 36 is at issue (ECF No. 152 at 8, *see also* ECF No. 128 at 62-64). The Magistrate Judge found this e-mail was not privileged, and after reviewing Attachment 36 the Court agrees. *See, e.g.*, *Pownell*, 2011 WL 1045418, at *2. The Court likewise agrees with the Magistrate Judge's conclusion that Attachment 37 is not privileged (ECF No. 152 at 5).

### D. Consistent Application of Attorney-Client Privilege

Finally, USOPC argues the Magistrate Judge erred in concluding certain Attachments are partially privileged or not privileged at all because, contrary to the Magistrate Judge's conclusion, the attorney-client privilege should be applied to these Attachments, because Dr. Moreau has unilaterally "taken" the Attachments from USOPC prior to discovery (ECF No. 159 at 12-13). Dr. Moreau's conduct, USOPC contends, "undermines" its privilege rights (*Id.*). The Court disagrees with USOPC.

USOPC's argument appears to concern the proper remedy for Dr. Moreau's conduct in this whistleblower case. It seems USOPC contends that privilege "line drawing" on certain Attachments is impossible, and therefore the Attachments should be privileged in their entirety

(*See* ECF No. 159 at 13). After reciting general privilege principles, USOPC cites *United States Equal Emp. Opportunity Comm'n v. George Washington Univ.*, 502 F. Supp. 3d 62 (D.D.C. 2020), for the proposition that Dr. Moreau's unilateral acquisition of the Attachments has "circumvented" the ability to adequately address the privilege issue (ECF No. 159 at 13). However, *George Washington* concerned Federal Rule of Civil Procedure 26(b)(5)(B) and concluded: "the rule itself provides that the claim of privilege, if disputed, will be resolved by the court; it does not contemplate that the party in possession of the allegedly privileged material will or should make that determination on its own." *Id.* at 73 (citation omitted). USOPC makes no mention of Rule 26 in its Objection. Nonetheless, Dr. Moreau produced the disputed documents to USOPC in the early stages of discovery (*See, e.g.*, ECF No. 93 at 1), and applying *George Washington* to the factual circumstances of this case, Dr. Moreau has done what the *George Washington* court contemplated: allowed the Special Master, Magistrate Judge, and now this Court to resolve the privilege issue without making privilege determinations on his own. *See id.* at 71-73.

\* \* \*

Consistent with the above analysis, USOPC's Objection (ECF No. 159) is OVERRULED, and the Magistrate Judge's Order (ECF No. 152) is AFFIRMED.

The Court notes that the parties have litigated these privilege issues over several motions, Objections, and Responses to the Special Master's Recommendation and Orders from the Magistrate Judge (*See, e.g.*, ECF Nos. 159, 174). To advance both this case and the parties' interests moving forward, the parties are urged to discerningly assert any further privileges.

DATED this 18th day of October 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge